# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| CAROL WILKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV609-034 |
| | ) | |
| U.S. EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISION, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Carol Wilkerson, a repeat filer in this Court,[1] has filed this "Freedom of Information Act" (FOIA) action against the Equal Employment Opportunity Commission. Doc. 1. She alleges that she "has a record under the Privacy Act of 1974, within the [EEOC's] system of records, which can be retrieved with [her] social security number."

---

[1] *See Wilkerson v. H&S Lee, Inc.*, No. CV609-033 (S.D.Ga. filed May 1, 2009) (companion Report and Recommendation issued this day, advising dismissal without prejudice on administrative non-exhaustion grounds); *Wilkerson v. Bulloch County Sheriff's Dep't*, No. CV605-106, doc. 12 (S.D.Ga. dismissed Apr. 12, 2006) (failure to state a claim); and *Wilkerson v. Grinnell Corp.*, CV699-133, doc. 44 (S.D.Ga. dismissed Apr. 16, 2005) (summary-judgment, merits dismissal of employment discrimination claims, including one for a "sex-based hostile environment").

Doc. 1 at 3. The EEOC will not give it to her. *Id.* Thus, she concludes, the EEOC "is in violation of [her] civil rights of title VII 1964, by withholding this information plaintiff." *Id.* at 4. She seeks injunctive relief (disgorge the information) plus "punitive damages for suffering, distress, and being denied her rights and benefits from this information." *Id.*

Swearing under oath that she was last employed at a McDonalds in September 2007 and has no funds, she seeks leave to proceed in forma pauperis. Doc. 2. The Court **GRANTS** the motion. But when a litigant proceeds in forma pauperis, 28 U.S.C. § 1915(e)(2)(B) authorizes the court to dismiss her complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[2]

---

[2] Pro se pleadings are held "to a less stringent standard than pleadings drafted by an attorney." *Hall v. Sec'y for Dep't of Corr.*, 304 F. App'x 848, 849 (11th Cir. 2008) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007)

2

"The EEOC, an agency of the federal government, cannot be sued [for damages] absent a waiver of sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994)." *McKoy v. Potter*, 2009 WL 1110692 at * 5 (S.D.N.Y.) (unpublished). Neither Title VII nor the FOIA provide such a waiver, so Wilkerson's money damages claim must be dismissed. *Id.* (collecting cases).

Others have haled the EEOC into court over FOIA claims. *See, e.g., Venetian Casino Resort L.L.C. v. EEOC*, 530 F.3d 925, 934-35 (D.D.C. 2008) (finding that the EEOC's procedure for releasing confidential business information under FOIA Exemption 4 was arbitrary and capricious under APA); *Humbarger v. EEOC*, 196 F. App'x

---

(quotations omitted). And "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1964-65). Thus, while specific facts are not necessary under the notice pleading standard, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), a plaintiff must himself allege a non-conclusory claim showing that he is entitled to relief. *Rogers v. Nacchio*, 241 F. App'x 602, 607 (11th Cir. 2007); *Lambert v. United States*, 98 F. App'x 835, 839 (11th Cir. 2006) (inmate's conclusory allegations were insufficient to establish a medical malpractice claim). The Court cannot simply "fill in the blanks" to infer a claim. *See Bivens v. Roberts*, 2009 WL 411527 at * 3 (S.D.Ga. Feb. 18, 2009) (unpublished) ("judges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ") (citing *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008)).

3

520, 520 (9th Cir. 2006) (upholding denial of pro se litigant's claim for EEOC records: "The district court did not clearly err in concluding that the FOIA exemption applied because 'disclosure of the requested information would reveal [some]thing about the agency's decisional process.'").[3]

But litigants like Wilkerson must first plead administrative exhaustion or face dismissal. *Caraveo v. EEOC*, 96 F. App'x 738, 741 (2nd Cir. 2004) ("Because Caraveo failed to allege that he (1) complied with EEOC guidelines regarding FOIA requests, *see* 5 U.S.C. § 552(a); 29 C.F.R. § 1610.5; and (2) exhausted administrative remedies, a prerequisite to maintaining a FOIA action in the courts, *see* 5 U.S.C. § 552(a)(6)(C), the district court properly dismissed this claim as against all defendants."); *D'Alessandro v. EEOC*, 215 F.Supp.2d 419, 422 (D.Del. 2002) (exhaustion of administrative remedies requirement of Federal

---

[3] An encyclopedist notes:

In compliance with the Freedom of Information Act (FOIA), . . . official records of the [EEOC] must be furnished to the public. To the extent that it is not prohibited by other laws, the commission will make available records that it is authorized to withhold whenever it determines that such disclosure is in the public interest.

45B AM. JUR. 2D JOB DISCRIMINATION § 1715 (Sept. 2008) (footnote omitted).

Tort Claims Act (FTCA) is jurisdictional and cannot be waived); *Berg v. Obama*, 574 F.Supp.2d 509, 527 (E.D. Pa. 2008) (collecting cases). Wilkerson has failed to do that here, so her complaint should be **DISMISSED WITHOUT PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this  14th  day of May, 2009.

/s/ G.R. SMITH
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**